IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROOM, CLARKSON, LANPHIER & YAMAMOTO, a Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD KOUNTZE, individually and as Personal Representative of the Estate of Denman Kountze, Jr. in Collier County, Florida,<br><br>Defendant. | 8:14CV206<br><br>ORDER |

    This matter is before the court on the plaintiff's Motion to Strike (Filing No. 15). The plaintiff filed a brief (Filing No. 16), affidavit (Filing No. 17), and an index of evidence (Filing No. 18) in support of the motion. In response, the defendant filed a brief (Filing No. 19) and a Motion to Strike Exhibits from Plaintiff's Motion to Strike (Filing No. 20). The plaintiff filed a brief (Filing No. 21) in reply.

## BACKGROUND

    This action pertains to the defendant's alleged failure to pay attorneys' fees due to the plaintiff. *See* Filing No. 1 - Ex. A Complaint. The parties entered into an agreement for the provision of legal services on September 15, 2004. *Id.*, Filing No. 1 - Ex. A Complaint - Ex. A. The plaintiff alleges it performed the legal services and the defendant has refused to pay for such services. *Id.* The plaintiff originally filed the action in the District Court of Douglas County, Nebraska. *Id.* On July 17, 2014, the defendant removed the action to the United States District Court for the District of Nebraska and in the defendant's Notice of Removal, the defendant made a demand for a jury trial. *Id.* - Notice of Removal. The plaintiff filed the instant motion seeking to strike the defendant's jury demand. *See* Filing No. 15 - Motion. The plaintiff argues that because the defendant admits engaging the plaintiff to provide services for the defendant, the only issue to decide is the reasonableness of attorneys' fees, which is an equitable question to be tried to the court. *See* Filing No. 16 - Brief p. 2-9.

In response, the defendant argues he is entitled to a jury trial on the plaintiff's breach of contract claim. **See** Filing No. 19 - Response. The defendant argues the plaintiff's attempt to frame the case as an equitable action is creative, but not legally sound. *Id.* at 3. The defendant argues the plaintiff's claim clearly amounts to a breach of contract action seeking monetary damages. *Id.* at 3-5. The defendant also argues the plaintiff's motion improperly attempts to litigate legal and factual disputes by attaching irrelevant and prejudicial exhibits, which is the basis of the defendant's Motion to Strike Exhibits from Plaintiff's Motion to Strike. *Id.* at 2; Filing No. 20.

In reply, the plaintiff reiterates the only issue to be tried is the reasonableness of fees and argues the defendant's defenses, as summarized in the 26(f) report, require this suit to be tried to the court. **See** Filing No. 21 - Reply 2-3. Additionally, the plaintiff contends the exhibits presented, together with the cited portions of the 26(f) report relating to the defendant's claims of allegations of breach of fiduciary duty, show there are issues to be tried to the court rather than a jury. *Id.* at 4.

## ANALYSIS

The Seventh Amendment provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." U.S. Const. amend. XII. The phrase "at common law" has consistently been held to mean "suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." **Granfinanciera, S.A. v. Nordberg**, 492 U.S. 33, 41 (1989) (internal citations omitted) (emphasis in original). Federal Rule of Civil Procedure 38(a) provides that the "right of a jury trial as declared by the Seventh Amendment to the Constitution . . . is preserved to the parties inviolate." Fed. R. Civ. P. 38(a). "When a jury trial has been demanded . . ., the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: . . . the court, on motion . . . finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a).

"The federal policy favoring jury trials is of historic and continuing strength." **Simler v. Conner**, 372 U.S. 221, 222 (1963). In determining whether a party is entitled to a jury trial, the Supreme Court established a two-prong test: "First, we must 'compare the

statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.'" See *InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013) (**quoting** *Tull v. United States*, 481 U.S. 412, 417-18, (1987)). "The Supreme Court has stressed the second inquiry of this test is the more important of the two." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) (**citing** *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). Regarding the first prong, "[s]uits for damages for breach of contract . . . were suits at common law with the issues of the making of the contract and its breach to be decided by a jury[.]" *Smith Flooring, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 937 (8th Cir. 2013) (**quoting** *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 459 (1977)). As to the second prong of the test, "[a] claim for money damages . . . constitutes legal relief, for such relief was the traditional form of relief offered in the courts of law." *InCompass IT, Inc.*, 719 F.3d 897-98 (**quoting** *Terry*, 494 U.S. at 570)). In a breach of contract action, expectation damages are "traditionally legal in nature [and] the pull of the law with its attendant right to a jury trial is distinctly felt." *Id.* at 898 (quotation omitted); **see also** *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962) ("As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character.").

The plaintiff generally relies on two cases to support its argument: *Simler* and *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306 (2d Cir. 1993). *Simler* involved a dispute about the amount of fees owing to a lawyer by a client under a contingent fee retainer contract. *Simler*, 372 U.S. 221-23. The client admitted he had an obligation to pay a reasonable fee under the contingent fee retainer contract. *Id.* The attorney argued a subsequent contract entitled him to fifty percent of the client's recovery. *Id.* The client argued the subsequent contract was invalid and the first contract governed their agreement. *Id.* The issue before the *Simler* court in this declaratory judgment action was whether the action should be tried to a jury or to the court. *Id.* The Court held:

> The case was in its basic character a suit to determine and adjudicate the amount of fees owing to a lawyer by a client under a contingent fee retainer contract, a traditionally 'legal'

3

> action. . . . The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action. The questions involved [i.e., control enforceability] are traditional common-law issues which can be and should have been submitted to a jury under appropriate instructions[.]

*Id.*

In *McGuire*, a merged company's owner sued to rescind the merger. **See** *McGuire*, 1 F.3d at 1306-17. The defendants had an indemnification agreement wherein one party agreed to indemnify the defendant for all costs, including attorneys' fees, if any warranties or representations under a merger agreement were breached. *Id.* The defendants counterclaimed alleging the plaintiff made misrepresentations and was liable for breach of contract. *Id.* The jury found in favor of the defendants and awarded damages. *Id.* In a special verdict form, the jury determined the plaintiff owed the defendants' attorneys' fees under the contract's indemnification provision. *Id.* The jury did not determine the amount of fees owed, however, because there was no evidence of attorneys' fees at trial. *Id.* The district court then refused to award the fees. *Id.* On appeal, the parties disputed whether the district court or the jury should have decided the amount and reasonableness of any fee award. *Id.* The Second Circuit held a judge should determine a reasonable amount of fees after a jury determines a party is entitled to fees and stated it would be impractical for a jury to decide as "the jury would have to keep a running total of fees as they accrued through summations and then predict future fees from post-trial proceedings and motions." *Id.* The *McGuire* court stated:

> [W]hen a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees; if the jury decides that a party may recover attorneys' fees, then the judge is to determine a reasonable amount of fees. . . . ***[T]his rule would not apply to a contract for legal services between a client and a lawyer.***

*Id.* (emphasis added). In *McGuire*, a concurring judge clarified "as the Court's opinion states, a lawyer's fee claim against the lawyer's client is undoubtedly a jury question. I think that the logic of *Simler* may require a jury trial in other kinds of free-standing claims for attorney's fees as well." *Id.* (**citing** *Simler*, 372 U.S. 221).

*McGuire* is distinguishable from the present case as *McGuire* did not involve a claim by a lawyer to recover attorneys' fees from a client under a contract, and, *McGuire*

4

explicitly states its rule would not apply to such a situation.  *Simler*, although more closely related, remains distinguishable in that there was a factual dispute concerning which contract applied between the attorney and the client.  In the instant matter, the parties agree there is one controlling contract but argue the opposing party breached the contract.  Thus, while *Simler* and *McGuire* are instructive, the cases are not exactly on point with the issue presented in this case.

After considering the parties' arguments and analyzing the nature of the claim, the court finds that, under the first prong, the plaintiff's claim amounts to a breach of contract action which weighs in favor of a jury trial.  The plaintiff alleges the parties entered into a contract, the plaintiff performed its contractual obligations, and the defendant failed to pay for that performance under the contract.  **See** Filing No. 1 - Complaint ¶¶ 5-14.  The defendant's defense the plaintiff breached a fiduciary duty does not require this action be tried to the court as the plaintiff argues.  Courts in the Eighth Circuit have found that when a fiduciary duty claim is "inextricably intertwined" with and "premised upon the same alleged course of conduct and common issues of fact" as other legal claims in the suit, like breach of contract, fraud or negligence, the fiduciary duty claim may be tried to a jury.  **See *Goettsch v. Goettsch***, No. C13-04053-MWB, 2014 WL 3209496, at *5 (N.D. Iowa July 8, 2014) (stating "a breach of fiduciary duty claim does not always preclude a right to a jury trial") (**citing *Halladay v. Verschoor***, 381 F.2d 100, 109 (8th Cir. 1967); ***Blue Cross & Blue Shield of Minn. v. Wells Fargo Bank, N.A.***, Civil No. 11-2529, 2013 WL 2434875, at *1-2 (D. Minn. June 4, 2013)).

The second prong also weighs in favor of a jury trial because the plaintiff seeks money damages for unpaid services performed under the contract.  *Id.* ¶¶ 9 and 13.  The issue of damages is not collateral in that the fees are due under a statute, indemnification agreement, or a post-judgment award, instead the fees are sought as damages caused by an alleged breach of contract.  **See *Simplot***, 563 F.3d at 1115 (stating the sought after "attorneys' fees and costs are themselves part of the merits of [the party's breach of] contract claim").[1]  The Eighth Circuit and the Supreme Court have clearly held lawsuits for

---

[1] The *Simplot* court expounded "[the plaintiff] does not seek the fees as an element of costs awarded to the prevailing party, . . . which raises legal issues collateral to and separate from the decision on the merits.  Rather, [the plaintiff] seeks the fees as the measure of damages resulting from Chevron's breach, as an element of damages under a contract."  *Simplot*, 563 F.3d at 1116 (internal quotation marks omitted).

damages for a breach of contract are triable to a jury. See *Atlas Roofing Co., Inc.*, 430 U.S. at 459; *Terry*, 494 U.S. at 569-70 (Marshall, J., concurring) (noting that a breach of contract claim is a legal issue); *Smith Flooring, Inc.*, 713 F.3d at 937. Therefore, because this action involves a breach of contract claim seeking monetary relief, it is a legal issue to be tried to a jury. For these reasons and in light of the federal inclination toward jury trials, the court finds both the first and second prongs of the Supreme Court's test to determine whether a party is entitled to a jury trial weigh in favor of a jury trial in this matter.

Lastly, regarding the defendant's Motion to Strike, to the extent the plaintiff filed the exhibits to oppose the defendant's summarized defenses in the Rule 26(f) report, the validity of the defendant's defenses are not appropriately before the court and therefore the exhibits were not considered for that purpose. To the extent the exhibits are relevant to the determination of whether this matter should be tried to a jury or the court, the exhibits were considered and therefore the defendant's motion is denied. Accordingly,

**IT IS ORDERED**:

1. The plaintiff's Motion to Strike (Filing No. 15) is denied.
2. The defendant's Motion to Strike Exhibits from Plaintiff's Motion to Strike (Filing No. 20) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 13th day of November, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge