IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROOM, CLARKSON, LANPHIER & YAMAMOTO, a Partnership,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD KOUNTZE, individually and as Personal Representative of the Estate of Denman Kountze, Jr. in Collier County, Florida,<br><br>    Defendant. | 8:14CV206<br><br>ORDER |

    This matter is before the court on the defendant's, Edward Kountze (Kountze), Motion for Leave to File Counterclaim (Filing No. 35). The plaintiff, Broom, Clarkson, Lanphier & Yamamoto (BCLY), filed a brief (Filing No. 39) and index of evidence (Filing No. 40) in opposition. Kountze filed a brief (Filing No. 42) and index of evidence (Filing No. 43) in reply.

## BACKGROUND

    This action pertains to Kountze's alleged failure to pay attorneys' fees due to BCLY. *See* Filing No. 1 - Notice of Removal Ex. A - Complaint. The parties entered into an agreement for the provision of legal services on September 15, 2004. *Id.* BCLY alleges it performed the legal services and Kountze has refused to pay for such services. *Id.* BCLY filed this action on September 25, 2013, in the District Court of Douglas County, Nebraska. *Id.* Thereafter, on July 17, 2014, Kountze removed this action to the United States District Court for the District of Nebraska. *Id.* On May 1, 2015, within the court's deadline to file a motion to amend the pleadings,[1] Kountze filed the instant motion. *See* Filing No. 35 - Motion. Kountze seeks to file a counterclaim for breach of contract on the basis BCLY overcharged him and engaged in a pattern of overbilling for legal services and performing unnecessary, excessive, unauthorized, and unreasonable work. *See* Filing No. 35-1 - Counterclaim; Filing No. 42 - Reply. BCLY

---

[1] Upon the parties' Joint Motion to Modify Case Schedule, the court extended the deadline to amend the pleadings to May 1, 2015. *See* Filing No. 34 - Order.

asserts Kountze's breach of contract counterclaim is actually a professional negligence claim. **See** Filing No. 39 - Response. As a result, BCLY contends a two-year statute of limitations applies to Kountze's counterclaim and because the last possible date BCLY rendered professional services was January 2013, Kountze's counterclaim is time barred. *Id.* (**citing** Neb. Rev. Stat. § 25-222; Filing No. 35-1 - Counterclaim ¶ 36; Filing No. 40-1 - Lanphier Aff. ¶ 13). BCLY also argues Kountze's counterclaim does not relate back to the time BCLY filed its complaint. *Id.* (**citing *Ed Miller & Sons, Inc. v. Earl***, 502 N.W.2d 444 (Neb. 1993)). In reply, Kountze argues although his counterclaim is a breach of contract claim, regardless of how his claim is characterized, Nebraska law expressly holds that for purposes of the statute of limitations, a counterclaim, as an action, is considered commenced on the date the plaintiff's complaint is filed. **See** Filing No. 42 - Reply p. 7-12 (**citing *Becker v. Hobbs***, 590 N.W.2d 360 (Neb. 1999)). Kountze argues because BCLY filed its complaint on September 25, 2013, Kountze's counterclaim is within the two-year statute of limitations. *Id.*

## ANALYSIS

A court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15. There is no absolute right to amend. **See *Hartis v. Chicago Title Ins. Co.***, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **See *Popoalii v. Corr. Med. Servs.***, 512 F.3d 488, 497 (8th Cir. 2008). Leave to amend would be futile if the amended claim is time barred by an applicable statute of limitations. **See *Enervations, Inc. v. Minnesota Mining & Mfg. Co.***, 380 F.3d 1066, 1068-69 (8th Cir. 2004).

According to the parties, January 24, 2013, the date BCLY withdrew from representing Kountze, is the earliest the statute of limitations began to run on Kountze's counterclaim. Assuming, for purposes of this motion, Kountze's counterclaim is one of professional negligence, thus a two-year statute of limitations applies, Kountze had until January 24, 2015, to file his counterclaim. **See** Neb. Rev. Stat. § 25-222 (establishing a two-year statute of limitations for claims based on alleged professional negligence). As stated in ***Becker***, "whether a counterclaim is barred by the applicable statute of limitations is determined by the date the plaintiff's petition was filed, rather than the date

the counterclaim was filed." *Becker*, 590 N.W.2d at 365. BCLY filed its complaint on September 25, 2013. **See** Filing No. 1 - Ex. A Complaint. Because Kountze's counterclaim relates back to the time BCLY filed its complaint, Kountze's counterclaim is considered filed on September 25, 2013. *Ed Miller & Sons*, which BCLY relies on to support its argument Kountze's counterclaim does not relate back to the time BCLY filed its complaint, is distinguishable from this case. As discussed in *Becker*,

> In *Ed Miller & Sons, Inc.*, unlike in [*Becker*], the applicable statute of limitations had run on the counterclaim prior to the date that the plaintiff filed its petition. In fact, the statute of limitations on the counterclaim in *Ed Miller & Sons, Inc.* had run more than a year before the plaintiff filed its petition. . . . Thus, the defendant's counterclaim in *Ed Miller & Sons, Inc.* did not meet the requirement that the counterclaim be a viable action on the date that the plaintiff's petition is filed, and our conclusion is not contradictory to the facts in *Ed Miller & Sons, Inc.*

*Becker*, 590 N.W.2d at 365-66. Similar to *Becker*, and unlike *Ed Miller & Sons*, Kountze had "a viable action on the date" BCLY filed its complaint. Therefore, the court finds Kountze's counterclaim is timely. Accordingly,

**IT IS ORDERED**:

1. Kountze's Motion for Leave to File Counterclaim (Filing No. 35) is granted.
2. Kountze shall have until **June 26, 2015**, to file the counterclaim.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 23rd day of June, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge