**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **BROOM, CLARKSON, LANPHIER & YAMAMOTO, a Partnership,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**EDWARD KOUNTZE, individually and as Personal Representative of the Estate of Denman Kountze, Jr. in Collier County, Florida,**<br><br>**Defendant.** | **8:14CV206**<br><br>**AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE** |

This matter is before the court on the plaintiff's Unopposed Motion to Amend Progression Order (Filing No. 63).  The plaintiff seeks an extension of certain deadlines by three months.  The plaintiff states the proposed modifications do not change the pretrial conference or trial date.  However, the court finds good cause exists to modify the progression order as requested, which would necessitate moving additional deadlines, including the pretrial conference and the trial.  Accordingly,

**IT IS ORDERED:**  The plaintiff's Unopposed Motion to Amend Progression Order (Filing No. 63) is granted as set forth below.

**IT IS FURTHER ORDERED:**

1.     **Motions to Dismiss or for Summary Judgment.**  Motions to dismiss or for summary judgment shall be filed not later than **May 2, 2016**.  **See** NECivR 56.1 and 7.1.

2.     **Discovery Deadlines.**

a.     **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **December 30, 2015**.  Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of

the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

      **b.**    **Fact Witness Deposition Deadline.**  All fact witness depositions, whether or not they are intended to be used at trial, should be completed by **February 1, 2016**.

      **c.**    **Deposition Deadline.**  Any deposition not already taken and to be used at trial shall be completed by **April 1, 2016**.

    3.    Expert witnesses are to be identified by name and address by the plaintiff on or before **December 30, 2015**, and by the defendant on or before **January 15, 2016**.

    4.    The plaintiff's expert reports shall be served by **February 1, 2016**, and the defendant's expert reports shall be served by **March 1, 2016**.

    5.    **Motions *in Limine*.**

      **a.**    Motions *in limine* challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702 shall be filed by **March 15, 2016**.  **See *Kumho Tire Co., Ltd. v. Carmichael*,** 526 U.S. 137 (1999); ***Daubert v. Merrell-Dow Pharms.***, 509 U.S. 579 (1993).  The motions should be accompanied by a request for a hearing, if necessary.  Failure to timely move for a hearing may constitute waiver of the request for a hearing.

      **b.**    Any **other** motions *in limine* shall be filed on or before **September 9, 2016**.

    6.    **Trial Exhibits - On or before September 2, 2016:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

    7.    **The Final Pretrial Conference** with the undersigned magistrate judge is set for **September 16, 2016, at 10:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial

---

[3]  All personal information should be redacted from the public version of the order and/or attachments filed with the clerk.  **See** NECivR 5.3.

may begin immediately thereafter.  The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

8.      **Settlement.**

a.      Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal.  Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

b.      In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of the magistrate judge's office.  The filing of a mediation reference order will terminate pending motions, without prejudice to refiling.  If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

c.      Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury.  If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may -- and  normally will -- be made against a party and/or counsel for one or more of the parties.   For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

9.      **Trial** is set to commence, at the court's call, during the week of **October 17, 2016**, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon and a jury for

four to five days.   Unless otherwise ordered, jury selection shall be at the commencement of trial.

10.   **Motions to alter dates.**  All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 28th day of September, 2015.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

4