IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROOM, CLARKSON, LANPHIER & YAMAMOTO, a Partnership<br><br>                Plaintiff,<br><br>    vs.<br><br>EDWARD KOUNTZE, individually and as Personal Representative of the Estate of Denman Kountze, Jr. in Collier County, Florida,<br><br>                Defendant. | 8:14CV206<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on plaintiff's Statement of Objections to Magistrate Judge's Order. Filing No. 48. These objections concern an order by the magistrate judge regarding defendant's Motion for Leave to File Counterclaim. Filing No. 44, Order Granting Kountze's Motion for Leave to File Counterclaim. Pursuant to 28 U.S.C.A. § 636, this court has jurisdiction to review any pretrial matter decided by the magistrate judge where an objection has been raised questioning whether the magistrate judge's order was erroneous or contrary to law. The court may review this matter *de novo*. For the reasons state below, the court affirms the order of the magistrate judge.

**I.  Background**

This action arises out of a retainer agreement for professional legal services entered into on September 15, 2004 between the two parties in this lawsuit. Defendant retained the services of plaintiff to represent him in various legal matters. Plaintiff was removed as counsel for defendant on January 24, 2013, in the midst of a Trust Administration Proceeding in Douglas County, Nebraska.

1

The initial action in this case was filed by the plaintiff on September 25, 2013 in the District Court of Douglas County, Nebraska to recover unpaid legal fees. Filing No. 1, Notice of Removal. The District Court entered a default judgment against the defendant for failing to respond to the complaint, but that judgment was later vacated due to the court's finding that the defendant did not have actual notice. The defendant proceeded to file a notice of removal to this Court on July 17, 2014. Filing No. 1, Notice of Removal.

The issue before the Court stems from the defendant's motion for leave to file counterclaim, filed on May 1, 2015. Filing No. 35, Motion for Leave to File Counterclaim. The defendant requests permission to file a counterclaim for breach of contract, alleging that the plaintiff overcharged and performed inadequate services. The magistrate judge granted the defendant's motion on June 23, 2015. Filing No. 44, Order Granting Kountze's Motion for Leave to File Counterclaim. Defendant proceeded to file a counterclaim for breach of contract the next day. Filing No. 46, Counterclaim. Plaintiff objects to the order of the magistrate judge. Filing No. 48, Statement of Objections to Magistrate Judge's Order.

II. Discussion

The crux of plaintiff's argument is that the magistrate judge should have denied the motion for leave, because defendant's counterclaim is not timely. Filing No. 39, Plaintiff's Brief in Opposition to Motion for Leave to File Counterclaim. Plaintiff argues that the law in the Eighth Circuit is well established that leave to amend should be denied if the proposed amended pleading could not withstand a motion to dismiss or summary judgment, and would therefore be futile. *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1068 (8th Cir. 2004). Plaintiff argues that defendant's counterclaim would be futile because it would be barred by the applicable statute of limitations. Plaintiff argues that the magistrate judge improperly ruled that the filing of a complaint tolls the statute of limitations for other claims arising out of the same transaction, and thus erroneously found that

counterclaims relate back to the date in which the plaintiff's complaint was filed for statute of limitations purposes. To support his position, plaintiff cites *Ed Miller & Sons, Inc. v. Earl,* 243 Neb. 708, 502 N.W.2d 444 (1993). The Nebraska Supreme Court in *Ed Miller & Sons* held that a counterclaim, seeking affirmative judgment or relief, is barred by the statute of limitations unless filed within the applicable statutory period for commencement of an action. *Id.* at 718-19, 502 N.W.2d at 452.

Plaintiff further argues that defendant's counterclaim is actually a claim for professional negligence rather than breach of contract, and that defendant only classifies the action as a breach of contract to avoid issues with the statute of limitations. The statute of limitations for breach of contract is five years. Neb. Rev. Stat. § 25-205. The statute of limitations for professional negligence is two years. Neb. Rev. Stat. § 25-222. Thus, if plaintiff's argument is correct and counterclaims do not relate back, then defendant's counterclaim, argues plaintiff, would not be timely if classified as professional negligence.

Defendant responds by arguing that counterclaims relate back to the date plaintiff filed the initial complaint. Therefore, it would be unnecessary to determine whether their claim is breach of contract or professional negligence for statute of limitations purposes, because the counterclaim would be timely either way. To support his position, defendant cites *Becker v. Hobbs,* 256 Neb. 432, 590 N.W.2d 360 (1999), in which the Nebraska Supreme Court held that "whether a counterclaim is barred by the applicable statute of limitations is determined by the date the plaintiff's petition was filed, rather than the date the counterclaim was filed." *Id.* at 439, 590 N.W.2d at 365. Defendant argues that *Becker* is distinguished from *Ed Miller & Sons,* because in *Ed Miller & Sons*, the counterclaim would not have been timely even if it related back. This is because the plaintiff's complaint had been filed after the applicable statute of limitations for the counterclaim had expired.

3

The magistrate judge, in an order granting defendant's motion for leave to amend on June 23, 2015, relied on *Becker* to find that defendant's counterclaim relates back to the date plaintiff's complaint was filed. Filing No. 44, Order Granting Kountze's Motion for Leave to File Counterclaim. The magistrate judge distinguished *Becker* from *Ed Miller & Sons* by quoting the discussion in *Becker*:

> In *Ed Miller & Sons, Inc.*, unlike in [*Becker*], the applicable statute of limitation had run on the counterclaim prior to the date that the plaintiff filed its petition….Thus, the defendant's counterclaim in *Ed Miller & Sons, Inc.*, did not meet the requirement that the counterclaim be a viable action on the date that the plaintiff's petition is filed, and our conclusion is not contradictory to the facts in *Ed Miller & Sons, Inc.*

Filing No. 44, Order Granting Kountze's Motion for Leave to File Counterclaim, quoting *Becker*, 590 N.W.2d at 365-66. The magistrate judge determined that the defendant in this case is like the defendant in *Becker*, in that Kountze had a viable action on the date plaintiff filed its complaint. Thus, the magistrate judge held that defendant's counterclaim relates back and is, therefore, timely.

A court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P. 15. There is no absolute right to amend. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Leave to amend would be futile, if the amended claim is time barred by an applicable statute of limitations. *Enervations, Inc. v. Minnesota Mining,* 380 F. 3d at 1068-69. Thus, this court must decide whether the magistrate court properly ruled that leave to amend would not be futile.

As stated herein, the issue raised by this objection, is whether a counterclaim seeking affirmative relief relates back to the date plaintiff's complaint was filed for statute of limitation purposes. Under Nebraska state law, *Becker* answers this question in the affirmative, and this Court finds no reason why the holding in *Becker* should not apply here.

There seem to be no distinguishing factors that would persuade this court to deviate from *Becker*, as this case is much more similar to *Becker* than *Ed Miller & Sons*. As in *Becker*, the defendant in this case had a viable action, whether breach of contract or professional negligence, on the date plaintiffs filed their complaint. Similar to *Becker*, this is distinguishable from *Ed Miller & Sons*. As mentioned above, the defendant in *Ed Miller & Sons* did not have a viable action on the date that plaintiffs filed their complaint, thus the counterclaim would not have been timely even if the court did hold that it relates back. Such is not the case here, and there is no other reason that this case should align more with the ruling in *Ed Miller & Sons* than the ruling in *Becker*.

The court in *Becker* also found that "policy and fundamental fairness also support a rule providing that the date the plaintiff's petition is filed determines whether a counterclaim is time barred." *Becker*, 590 N.W.2d at 366. This approach precludes plaintiff from delaying the institution of an action until the statute has almost run on defendant's anticipated counterclaim, thus precluding defendant from being able to file a timely counterclaim. In cases where the counterclaim is compulsory, the plaintiff is presumably on notice that defendant may raise their own claims which arise out of the same transaction, so such a rule is not prejudicial for the plaintiff. Furthermore, there is no need to worry about whether the witnesses and other evidence would be available to support defendant's counterclaim, especially when the counterclaim is compulsory. They should be as available for adjudicating the counterclaim as they are for the main claim. This reasoning is also well-established in many federal jurisdictions. 6 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1419 (3d ed.) (citing several cases, including *Burlington Industries v. Milliken & Co.*, 690 F.2d 380, 389 (4th Cir. 1982) and *Hartford v. Gibbons & Reed Co.*, 617 F.2d 567, 570 (10th Cir. 1980)).

Because this court finds that the counterclaim relates back to the date plaintiff's initial complaint was filed, it is unnecessary to decide at this time whether defendant's counterclaim is an action for breach of contract or for professional negligence, or simply a defense to plaintiff's claims. Under any theory, defendant's counterclaim is timely for statute of limitations purposes.

THEREFORE, IT IS ORDERED THAT the objection, Filing No. 48, to the magistrate judge's order is overruled, and the decision of the magistrate judge, Filing No. 44, is adopted in its entirety.

Dated this 25th day of November, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge