IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROOM, CLARKSON, LANPHIER & YAMAMOTO, a Partnership;<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD KOUNTZE, individually and as Personal Representative of the Estate of Denman Kountze, Jr. in Collier County, Florida; and RASMUSSEN & MITCHELL,<br><br>Defendants. | 8:14CV206<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Edward Kountze's objection, Filing No. 87, to the findings of the magistrate judge, Filing No. 84, denying defendant's motion to vacate and discharge an order of attachment, Filing No. 65. Pursuant to 28 U.S.C.A. § 636, this court has jurisdiction to review any pretrial matter decided by the magistrate judge where an objection has been raised questioning whether the magistrate judge's order was erroneous or contrary to law. The Court will review this matter de novo. For the reasons stated below, the Court affirms the order of the magistrate judge.

### BACKGROUND

This action arises out of a retainer agreement for professional legal services entered into on September 15, 2004, between the parties in this lawsuit. Defendant Kountze retained the services of plaintiff to represent him in various legal matters. Plaintiff was removed as counsel for defendant on January 24, 2013, in the midst of a Trust Administration Proceeding in Douglas County, Nebraska.

The initial action in this case was filed by the plaintiff on September 25, 2013, in the District Court of Douglas County, Nebraska to recover unpaid legal fees. Filing No. 1, Notice of Removal. The plaintiff seeks more than $375,000 in unpaid attorneys' fees for legal services it allegedly provided to the defendant in two Nebraska lawsuits. *See* Filing No. 59, Index of Evidence, Ex. 1 - Complaint ¶¶ 6-13. The state district court entered a default judgment against the defendant for failing to respond to the complaint. On July 16, 2014, the state court judge vacated the default judgment and ruled that Kountze "did not have actual notice of [the State Court Action] as required by Neb. Rev. Stat. § 25-525.". *See* Filing No. 66, Index of Evidence in Support of Application to Vacate and/or Discharge Order of Attachment ("Index"), Ex. D - Order.

On October 8, 2013, plaintiff caused to be filed in the state court action a motion seeking an order of attachment of certain keys to three safety deposit boxes belonging to Mr. Kountze and located at First National Bank of Omaha. *See* Index, Filing No. 66, Ex. A. Defendant contends that plaintiff neither served Mr. Kountze with the motion, nor with the summons and complaint in the state court action. On October 17, 2013, an order of attachment was entered in the state court action, causing the Sheriff of Douglas County, Nebraska, to take custody of Mr. Kountze's safety deposit box keys. *See* Filing No. 66, Index, Ex. B. The safety deposit box keys were previously being held by the Clerk of the Douglas County Court and could only be removed by Mr. Kountze.

Plaintiff further contends that defendant lived in Oregon and filed tax returns there from 2008 through 2012. Plaintiff states it "served notice by certified mail to Edward Kountze at three addresses: in care of Karla Gottschalk's office in San Francisco; a Post Office Box in Eugene, Oregon; and Ted Kountze's address in

Eugene, Oregon. Filing No. 18, Ex. 10, p1. On or about December 12, 2013, after failing to perfect service of the summons and complaint on Mr. Kountze in the state court action, plaintiff filed a motion for service by publication. Filing No. 65, at 1-2. Defendant contends that plaintiff attempted to serve him in Eugene, Oregon, which was not a viable service address. Plaintiff also sought to publish notice in Omaha, Nebraska, even though defendant had allegedly not lived there for 7 years.

Thereafter, on April 24, 2014, a default judgment was entered against Mr. Kountze in the state court action. Defendant contends that plaintiff and his counsel David Lanphier knew they could have served his Nebraska attorney and accountant named Kathryn M. Hemenway. Further, defendant contends that plaintiff knew that a California attorney, Rory P. Bartle, Esq. likewise represented the defendant. Plaintiff did not contact Mr. Bartle either regarding the lawsuit.[1] When notice of publication in the state court action was authorized, a notice of publication of the suit was sent to Edward Kountze care of Karla Gottschalk and all addresses that were used in the notice of withdrawal of plaintiff in the Heirloom Trust appeal. As for the Florida address, plaintiff contends that defendant claimed he left Florida with his family after 2011 because of fear for their safety and his Florida home was rented. However, defendant also indicates that he has lived in Florida since his appointment as the personal representative of the Trust. But when the Trust was created in 2005, he listed his address at a P.O. Box in Boulder, Colorado. Plaintiff also argues that Kountze has

---

[1] However, it does appear from the evidence and arguments that counsel for the plaintiff did ask Mr. Bartle if he had an address for Mr. Kountze. Counsel did not mention the lawsuit.

3

claimed different addresses in different lawsuits, claiming to be a resident of California in one suit.[2]

In June, 2014, plaintiff filed a court case in Florida in an attempt to enforce the Nebraska default judgment from the state court action. Plaintiff did not cause a copy of that action to be mailed to the residential address in Florida where Mr. Kountze contends he resides, which is owned by a Trust. Mr. Kountze is one of the trustees for this Trust. According to Mr. Kountze, a friend later allegedly told him that he had been sued. Mr. Kountze states that he then checked the docket and found out he had in fact been sued. Within the month, Mr. Kountze filed his application to reopen and vacate the state court default judgment in Douglas County, Nebraska. The state court judge specifically found that Mr. Kountze did not have actual notice of the state court action as was required by Neb. Rev. Stat. § 25-525, and sustained Mr. Kountze's application to reopen and vacate default judgment. *See* Filing No. 66, Index, Ex. D; Ex. C, at ¶ 13. Mr. Kountze then filed a Notice of Removal to this Court on the basis of diversity jurisdiction.

---

[2] Plaintiff also contends that:
"Ted Kountze advised Plaintiff that he grew up in Omaha, went to Brownell Talbot grade school, and Central High School. His mother, who raised him here in Omaha, is in a respected retired attorney and his brother Charles lives in Omaha. He used his cell phone with an Omaha area code. He has safety-deposit boxes at First National Bank and furniture in storage at Bekins in Omaha. He allegedly was using an Omaha CPA (Hemenway). He was also using the Omaha office of Deloitte throughout the Court proceedings in Florida. The Hitchcock Foundation he served on for years, headed up by his cousin Neely Kountze, has always been in Omaha. He has numerous attorneys in Omaha that have represented him for years. He has friends he grew up with that he referred to often. When the Douglas County Nebraska District Court suit was filed against Mr. Kountze Judge Mark Ashford, who it was assigned to, recused himself because of family, school and personal ties to Mr. Kountze. Mr. Kountze's first cousin Russell Bowie is a Douglas Nebraska County District Court Judge. (Ex 1p4)."

Filing No. 67, at 9, Brief of plaintiff.

Thereafter, Mr. Kountze learned of the motion for attachment and that his safety deposit box keys are no longer being held by the Clerk of Douglas County. He argues the October 17, 2013, order of attachment was entered without his knowledge or a copy of a summons or complaint served on him. Thus, he cannot access his safety deposit box.

The defendant asks this Court to vacate the order of attachment. Defendant contends he did not ever try and avoid service of process and that adequate grounds did not exist to attach his safety deposit box keys in the first instance. Moreover, plaintiff's affidavit submitted in support of his motion seeking an order of attachment did not sufficiently set forth any of the required grounds for pre-judgment attachment under Neb. Rev. Stat. § 25-1001, argues Kountze.

The plaintiff argues it had grounds for the attachment pursuant to Neb. Rev. Stat. § 25-1001. Mr. Kountze's letters of appointment in the Collier County Florida Court, for the Denman Kountze Jr. estate, state that Edward Kountze is a Trustee of the Fifth Trust Amendment to the Restated Trust /u/d 5/19/05. Filing No. 68, Ex. 7 p. 1-2. That Trust is a Spendthrift Trust, Filing No. 68, Ex. 2 pp.13-31-see specifically p. 21, Article Tenth, Page ID 1603, titled Spendthrift Provision which provides: "Until distributed, no gift or beneficial interest shall be subject to anticipation or to voluntary or involuntary alienation". Plaintiff argues that is the motivation for not posting a bond to discharge the attachment.

**DISCUSSION**

Defendant moves to vacate and/or discharge the order of attachment entered on October 17, 2013 pursuant to Neb. Rev. Stat. § 25-525.[3] Following removal, state court attachments are preserved "in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court." 28 U.S.C. § 1450. Under Nebraska law, at the commencement of a civil action for the recovery of money, a plaintiff may attach property of the defendant when the defendant "has absconded with the intent to defraud his or her creditors[.]" Neb. Rev. Stat. § 25-1001(1); see Fed. Farm Mortg. Corp. v. Hughes, 289 N.W. 866, 868 (Neb. 1940) ("[P]roperty of a nonresident defendant may be attached at or after the commencement of the action."). "To 'abscond' means to be concealed in order to avoid a court's process." Farmers Mut. Ins. Co. of Neb. v. Cox, 2015 WL 333147, at *2 (Neb. Ct. App. 2015) (citing Smith v. Johnson, 62 N.W. 217, 218 (Neb. 1895)).[4]

The magistrate judge concluded that the attachment order initially filed in state court was in accordance with Nebraska law. The magistrate judge then determined the merits of the attachment, finding the defendant was absconding from his bills. Filing No. 84, at 6. Further, the magistrate judge found that defendant had previously avoided

---

[3] In order to obtain an order of attachment, the plaintiff must present an affidavit stating: (1) the facts set forth in the plaintiff's complaint "state a valid cause of action and the amount plaintiff is entitled to recover are true;" (2) a description of "the existence and approximate value of any of defendant's property known to the plaintiff to be subject to the jurisdiction of the court;" and (3) "specific facts demonstrating reasonable cause that one or more of the grounds for an attachment enumerated in [Neb. Rev. Stat. §] 25-1001 exist." Neb. Rev. Stat. § 25-1002. "The grounds for an attachment may be stated in the affidavit in the language of the statute, without specifying more particularly the facts intended to be alleged."

[4] An order of attachment shall (1) require the sheriff to attach the property of the defendant not exempt from being applied to payment of the plaintiff's claim; (2) inform the defendant of his right to obtain redelivery of the attached property "by executing a redelivery bond in accordance with [Neb. Rev. Stat. §§] 25-1009 and 25-1024;" and "inform the defendant of his or her right under [Neb. Rev. Stat. §] 25-1040, to move to discharge the attachment" and of "the plaintiff's obligation under [Neb. Rev. Stat. §] 25-1041, to prove by a preponderance of the evidence the grounds upon which the attachment order was issued." Neb. Rev. Stat. § 25-1004.

6

service in other cases. The magistrate judge also concluded that no harm would come to the defendant by continuing the prejudgment attachment throughout the case. Thus, the magistrate judge denied the motion to discharge the attachment.

The defendant objects to the findings of the magistrate judge. He first argues that because he did not receive notice of the underlying lawsuit, the order of attachment was improper. Second, he contends the order of attachment was insufficient because it was conclusory and failed to state specific facts required under Neb. Rev. Stat. § 25-525. In addition, the defendant contends that the magistrate judge considered facts and other acts outside of plaintiff's affidavit set forth at the time of the attachment and also considered other evidence that occurred after the attachment was entered.

A motion to vacate or discharge the attachment order was not raised at the state court level. The Court understands that a party can request a discharge of an attachment order at any state of the proceedings, and at any time before judgment, the defendant may move to discharge an attachment. Neb. Rev. Stat. § 25-1040. Further, an attachment order shall be discharged, if the plaintiff fails to prove by a preponderance of the evidence one or more grounds of attachment existed at the time of the issuance of the order of attachment. Neb. Rev. Stat. § 25-1041.

The Court has reviewed the arguments by Kountze as to both (1) whether Kountze was avoiding service and (2) as to lack of evidence to support the attachment. With regard to the service issue, the Court finds the magistrate judge correctly found sufficient evidence, as set forth throughout this Memorandum and Order, that defendant was avoiding service and has a history of evading service. It appears plaintiffs made numerous efforts to serve defendant in this case. Kountze appears to have multiple

addresses that change with various lawsuits. It further appears that his taxes indicated an Oregon address. For these reasons, and as more fully outlined by the magistrate judge, the Court agrees that there is evidence that Kountze was trying to avoid service in this case.

With reference to the evidence to support an attachment, the magistrate judge correctly analyzed and applied the Neb. Rev. Stat. §§ 25-1001, -1002, -1009, and -2014 attachment factors. The Court also agrees that since this is a motion to vacate or discharge the attachment, the magistrate judge was free to examine other evidence of why the attachment should continue. The Court determines that plaintiff has met its burden as outlined herein in accordance with the requirements of Neb. Rev. Stat. § 25-1041. The plaintiff submitted evidence of fees and costs owing to it from Kountze; plaintiff submitted sufficient evidence to constitute absconding; the plaintiff identified the three safety deposit boxes in First National Bank of Omaha; and the plaintiff indicated to the Court that no harm would come from the attachment, as the safety deposit boxes had not been accessed in 7 years. And finally, the Court agrees with the magistrate judge that Kountze can post a bond to dissolve of the attachment. Accordingly, the Court finds the plaintiff has met its burden and the Court will deny the motion.

THEREFORE, IT IS ORDERED THAT the defendant's motion to vacate or discharge the attachment, Filing No. 65, is denied. Defendant's objections to the magistrate judge's order, Filing No. 87, are overruled.

Dated this 10th day of May, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge