IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BROOM, CLARKSON, LANPHIER & YAMAMOTO, a Partnership,** | |
| Plaintiff, | **8:14CV206** |
| vs. | ORDER |
| **EDWARD KOUNTZE, individually and as Personal Representative of the Estate of Denman Kountze, Jr., in Collier County, Florida,** | |
| Defendant. | |

This matter is before the court on a non-party motion to quash (Filing No. 129). David A. Domina and Domina Law Group PC LLC (collectively Domina) seek to quash Edward Kountze's (Kountze) subpoenas for documents and for David Domina to appear for a deposition. Domina filed evidence (Filing No. 129-1) attached to the motion. Kountze filed a brief (Filing No. 132) and an index of evidence (Filing No. 133) opposing the motion. Domina did not file a reply. Broom, Clarkson, Lanphier & Yamamoto (Broom) did not participate in briefing.

## BACKGROUND

Broom initiated this action in an attempt to collect more than $375,000 in attorney's fees allegedly due from Kountze for legal services Broom provided in two Nebraska lawsuits and other matters from 2004 through 2013. **See** Filing No. 1 - Ex. 1 Complaint ¶¶ 1-37. Kountze generally denies he owes Broom additional fees. **See** Filing No. 46 - Counterclaim. Further, Kountze alleges Broom "engaged in a pattern of overbilling for legal services, and performing work that was unnecessary, excessive, unauthorized, and/or unreasonable. . . . amount[ing] to a material breach of the Agreement between the parties." *Id.* ¶ 1.

Kountze removed Broom's lawsuit from the District Court of Douglas County, Nebraska, on July 17, 2014. **See** Filing No. 1. The court authorized the commencement of discovery on September 2, 2014. **See** Filing No. 13. On February 17, 2016, the court entered a third amended scheduling order providing deadlines for

discovery and setting trial.  **See** Filing No. 92.  Based on the parties' suggestion, the court imposed an April 29, 2016, deadline for "[a]ll interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial."  *Id.* ¶ 2(a).  Additionally, the deposition deadline for fact witnesses was June 28, 2016.  *Id.* ¶ 2(b).

On August 5, 2016, Kountze issued two subpoenas on Domina, who provided legal services to Kountze from 2003 until 2009, including some matters overlapping with those handled by Broom.  **See** Filing No. 129 - Jorde Decl. ¶ 3 & Exs. 1-2.  Kountze seeks production of:  "All bills, invoices, and statements of account relating to professional services rendered by Domina Law Group PC LLO on behalf of Edward Kountze and/or Denman Kountze, Jr. relating to  . . . [four listed court proceedings]."  *Id.* Ex. 1.  Additionally, Kountze seeks to depose David Domina stenographically and by audiotape.  *Id.* Ex. 2.  Kountze contends the billing information is relevant to his claims against Broom for improper billing to show the allocation of responsibility between Broom and Domina in the underlying litigation, and to determine the extent of overlapping, and therefore unnecessary, work performed by Broom.  **See** Filing No. 132 - Response p. 2.  Kountze notes Broom:

> listed Domina as a party with knowledge of the "nature and extent" of the litigation at issue, including the "hours expended by Plaintiff, nature and extent of the litigation, the time and labor required, the scope of Plaintiff's involvement and the experience and ability of the Plaintiff and other attorneys involved in the litigation."

*Id.* at 3-4 (**quoting** Filing No. 133 - Ex. 1 Broom's Answers to Interrogs. p. 2).

Domina seeks to quash Kountze's subpoenas because they (1) undermine a valid attorney's lien; (2) seek information readily available from a party opponent; and (3) subject a non-party to significant expense.  **See** Filing No. 129 - Motion p. 4.  In the alternative, Domina suggests the court require Kountze to prepay the costs required for Domina to comply with the subpoena and deposit the disputed professional fees (those amounts associated with the attorney's lien) into an escrow account.  *Id.* at 8.  Domina admits provision of legal services from 2003 until 2009, including some matters overlapping with those handled by Broom.  **See** Filing No. 129 - Jorde Decl. ¶ 3.  Nevertheless, Domina alleges Kountze failed to pay Domina more than $100,000 in professional fees, which are the subject of two state court lawsuits now consolidated on

appeal.  *Id.* ¶ 8.  Domina contends a valid attorney's lien, pursuant to Neb. Rev. Stat. § 7-108, exists to prevent disclosure of Kountze's papers pending payment of the outstanding fees or resolution of the appeal.  *Id.* ¶ 9.  Domina alleges compliance with the subpoenas would cost $11,175 based upon the estimated time required by an archivist, an accountant, and an attorney, in addition to David Domina's deposition and preparation time.  *Id.* ¶¶ 11-13.

Kountze argues production would not violate a lien, Domina is the best source for complete production, and little burden exists for the minimal discovery sought.  **See** Filing No. 132 - Response.  Kountze denies the attorney's lien is valid or applies to the documents sought.  *Id.* at 3, 9.  First, Kountze states the lawsuits filed by Domina were dismissed for failure to timely serve summons.  *Id.* at 5 (Filing No. 133 - Ex. 5 Dismissal Order).  Second, Kountze states he does not seek his entire "file" or papers; he seeks only "copies of legal bills that were created by Domina and allegedly issued to Kountze." *Id.* at 3, 9.  Third, Kountze argues Domina has an ethical duty to provide the billing documents even if production does impede a lien.  *Id.* at 3, 9-11.  Kountze argues, even assuming he or Broom have the documents, the federal rules permit him to obtain the complete set of narrowly tailored billing documents from Domina and depose David Domina in support of the counterclaims.  *Id.* at 7-8.  Kountze contends simply locating and providing the bills themselves creates no undue burden.  *Id.* at 8.  Kountze asserts David Domina's deposition as a fact witness entitles him to only statutory fees, rather than his standard billing rate or the rate of an expert witness.  *Id.* at 12.

## ANALYSIS

A party to a federal lawsuit may obtain documents relevant to the matter through discovery as authorized by the Federal Rules of Civil Procedures.  The federal rules require the court to impose limits on the parties' time to complete discovery, including discovery sought through Rule 45 from non-parties.  **See** Fed. R. Civ. P. 16(b)(3).  The April 29, 2016, written discovery deadline and June 28, 2016, fact witness deposition deadline set by the court in this case included all discovery from parties and non-parties.  **See** Filing No. 92.  Kountze does not address the untimeliness of his subpoenas served in August 2016.  However, the court notes Domina previously filed a motion to quash on April 20, 2016, which motion was withdrawn when Kountze

withdrew an April 11, 2016, subpoena. **See** Filing Nos. 97 and 112. Based on the ongoing discovery inquiries, the court finds good cause exists for an extension of time to complete this discovery.

As an initial matter, Rule 26(a) applies to the discovery sought in a federal civil lawsuit. **See** Fed. R. Civ. P. 26(b)(1); 34(a) and (c). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). Generally, the court has authority to limit the scope of discovery. ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 361 (8th Cir. 2003).

The federal rules authorize the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, the court may also limit discovery after considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In addition, Rule 45 generally requires a non-party to produce requested documents and appear for a deposition. However, the Federal Rules of Civil Procedure provide a mechanism for a subpoenaed person to challenge the requirements of a subpoena. Fed. R. Civ. P. 45(c). Specifically,

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from

4

>   where that person resides, is employed, or regularly
>   transacts business in person. . .;
>   (iii) requires disclosure of privileged or other protected
>   matter, if no exception or waiver applies; or
>   (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

In accordance with these rules, the court will weigh the relevance and relative importance of the discovery sought with the burden placed on the non-party.

Kountze has met his burden of demonstrating the relevance of the discovery sought. The subpoenas seek information bearing on the counterclaims about whether Broom, Domina's co-counsel, properly billed Kountze based on the allocation of legal work and other factors. Further, the requests seek production limited to billing records for only those legal proceedings involving both attorneys. Domina fails to show any superfluous additional matters contained in the billing records for the same time period should be redacted. Additionally, while Domina suggests the records were already provided to Kountze, contemporaneous with his legal representation, and may also be in Broom's possession, Kountze need not rely on his own (or Broom's) possibly incomplete records. Domina fails to substantiate how production of the limited billing records or David Domina's deposition creates an undue burden in terms of resources or as a violation of a lien. The court will not determine whether Domina has a valid attorney's lien with respect to Kountze's papers, nor does the court intend to undermine any such lien. The court finds the billing documents fall outside the purview of the statutory attorney's lien. Moreover, Kountze and Domina may confer to lessen the demands on David Domina's time by providing production in advance of any deposition and providing more detailed notice about the deposition's topic areas. For these reasons, Domina's motion will be denied. Upon consideration,

**IT IS ORDERED**:

Domina's motion to quash (Filing No. 129) is denied.

Dated this 11th day of October, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge
