IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROOM, CLARKSON, LANPHIER & YAMAMOTO,<br><br>                Plaintiff,<br><br>vs.<br><br>EDWARD KOUNTZE, individually and as Personal Representative of the Estate of Denman Kountze, Jr. in Collier County, Florida,<br><br>                Defendant. | 8:14CV206<br><br>ORDER |

       This matter is before the Court on dueling Motions in Limine filed by plaintiff Broom, Clarkson, Lanphier & Yamamoto ("Broom Clarkson") (Filing No. 136) and defendant Edward Kountze ("Kountze") (Filing No. 139). Largely raising the same basic arguments and counterarguments, each party attempts to exclude the opinions and testimony of the other's expert while preserving that of their own. For the reasons below, both Motions in Limine are denied.

## I. BACKGROUND

       This case arises from a dispute over legal fees. Broom Clarkson, a Nebraska law firm, alleges Kountze retained a member of the firm to provide legal fees but has refused to pay in full for services rendered. Broom Clarkson seeks $376,601.76 in unpaid legal fees. Kountze counters that the firm "overbilled for legal services and performed work that was unnecessary, excessive, and unreasonable." The parties have each retained an expert to support their respective positions. The question before the Court is whether to exclude either of those expert witnesses.

## II. DISCUSSION

### A. Legal Standard

The admissibility of expert testimony in federal court is primarily governed by Federal Rules of Evidence 702 and 703. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-94 (1993). Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 703 permits an expert to "rely on otherwise inadmissible hearsay evidence in forming his opinion if the facts and data upon which he relies are of a type reasonably relied upon by experts in his field." *Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1182 (8th Cir. 1997). If such facts and data are otherwise inadmissible, "the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.

The party offering expert testimony must prove by a preponderance of the evidence that the "witness is qualified" and the "evidence is admissible." Fed. R. Evid. 104(a); *Daubert*, 509 U.S. at 592 n.10. The Court "acts as a 'gatekeeper,' admitting expert testimony only if it is both relevant and reliable." *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003). The Court must not "invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence." *Id.* at 917.

"Rule 702 favors admissibility if the testimony will assist the trier of fact." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998). Any "doubts regarding 'whether an expert's testimony will be useful should generally be resolved in favor of admissibility.'" *Id.* (quoting *Larabee v. MM & L Int'l Corp.*, 896 F.2d 1112, 1116 n.6 (8th Cir. 1990)). "Any weaknesses in the factual underpinnings of [an expert's] opinion go to the weight and credibility of his testimony, not to its admissibility." *Hurst v. United States*, 882 F.2d 306, 311 (8th Cir. 1989). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929-30 (8th Cir. 2001) (quoting *Hose v. Chi. Nw. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1996)).

### B. John S. Pierce

Kountze has identified John S. Pierce ("Pierce") as an expert who will testify about the legal fees Broom Clarkson charged. In general, Pierce opines that a substantial part of those fees is excessive and unreasonable, particularly with respect to legal research. Condemning the practice of billing clients for multiple tasks in one block entry of time, Pierce recommends discounting such block-billed entries by twenty-five percent. In all, Pierce finds Broom Clarkson overbilled Kountze by "***at least* $242,918.40**."

Broom Clarkson moves for an order precluding Pierce from testifying and excluding his reports, arguing "his opinion is not based on reliable principles or methodologies, is not based on the facts of the case and/or is not legally sound, and is so fundamentally unsupported as to be of no assistance to the jury." More specifically, Broom Clarkson argues Pierce's methodologies are inadmissibly flawed because his reductions for block billing and his reallocations of time for other tasks to legal research are improper, unfounded, and unduly speculative. Broom Clarkson further contends Pierce (1) "flagrantly violates" Neb. Rev. Stat. § 1-157[1] by including the phrase "audit

---

[1] Section 1-157 provides, "No person shall sign or affix his or her name or any trade or assumed name used by him or her in his or her profession or business with any

3

period" in the title of Exhibit A to his initial report and (2) improperly relies on "inadmissible hearsay" produced by legal-audit firm Stuart, Maue, Mitchell & James ("Stuart Maue") in violation of Federal Rules of Evidence 703 and 802. In Broom Clarkson's view, Pierce's report and testimony must also be excluded under Federal Rule of Evidence 403 because the use of the word "audit" and the "lack of clarity" as to who produced the exhibits to Pierce's report will impermissibly mislead the jury.

The Court finds at this time that none of Broom Clarkson's objections warrant prohibiting Pierce from testifying as an expert and offering his opinions about Broom Clarkson's legal fees. Pierce is qualified as an expert by knowledge, skill, and experience gained through years of legal practice and fee analysis, and the evidence he is expected to provide is sufficiently supported and reliable to assist the jury. *See Daubert*, 509 U.S. at 597.

In the Court's view, the bulk of Broom Clarkson's objections "go to the weight and credibility of [Pierce's] testimony, not to its admissibility." *Hurst*, 882 F.2d at 311 ("A trial court should exclude an expert opinion only if it is so fundamentally unsupported that it cannot help the factfinder."); *see also Grp. Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 760 (8th Cir. 2003) ("A certain amount of speculation [in expert testimony] is necessary, an even greater amount is permissible (and goes to the weight of the testimony), but too much is fatal to admission."). It will be up to Broom Clarkson to cross-examine Pierce on the factual basis for his opinions, "present evidence to rebut his testimony, and argue in summation all of the inadequacies of [his] qualifications, credibility, methodology, and opinions." *Children's Broad. Corp. v. Walt*

---

wording indicating that he or she is an accountant or auditor or with any wording indicating that he or she has expert knowledge in accounting or auditing to any accounting or financial statement or to any opinion on, report on, or certificate to any accounting or financial statement unless he or she holds a permit issued under subdivision (1)(a) of section 1-136 which is not revoked or suspended and all of his or her offices in this state for the practice of public accountancy are maintained and registered as required under section 1-135."

*Disney Co.*, 357 F.3d 860, 867 (8th Cir. 2004). Broom Clarkson may also raise contemporaneous objections to specific testimony presented at trial.

Broom Clarkson's arguments that Pierce's use of the word "audit" and reliance on exhibits produced with the help of Stuart Maue are improper and misleading are without merit. Section 1-157—which applies to accounting and financial statements—does not apply in this case, and Rules 403 and 703 do not require the exclusion of the challenged evidence at this time. The Court sees nothing improper or misleading about Pierce relying on the summaries prepared for him by Stuart Maue. Pierce is not merely a "mouthpiece" or "spokesman" for Stuart Maue, and the summaries are not inadmissible hearsay. *See* Fed. R. Evid. 1006. Even assuming they are, the Court finds their probative value substantially outweighs any as yet unarticulated prejudice to Broom Clarkson.

    C.    **Michael D. Jones**

The analysis is much the same for Kountze's effort to exclude Broom Clarkson's retained expert—Michael D. Jones ("Jones"). Kountze questions Jones's qualifications and criticizes his methods. In Kountze's view, "Jones does not apply any methodology or specialized skills, but instead he relies on subjective and conclusory statements." Faulting Jones for insufficient factual support and inadequate analysis, Kountze contends Jones's testimony is irrelevant, unreliable, and inadmissible. As Kountze sees it, Jones's "testimony would not assist the trier of fact in any fashion." The Court disagrees.

Like Pierce, Jones has specialized knowledge, skill, and experience that may help the jury understand the evidence and determine the necessity and reasonableness of the legal fees Broom Clarkson billed. In particular, Jones has knowledge of and experience with local billing practices and the type of legal work Broom Clarkson allegedly performed for Kountze. As with Pierce, Jones's opinions are sufficiently supported and reliable to be admissible, and the Court finds no compelling reason at this time to categorically bar Jones from testifying as an expert in this case. *See*, *e.g.*, *Clark*, 150 F.3d at 915. "It is decidedly the jury's role to evaluate the weight to be given to the

testimony of dueling qualified experts." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1306 (Fed. Cir. 2011). Kountze remains free to cross-examine Jones about whether he considered all the pertinent facts and challenge his "qualifications, credibility, methodology, and opinions" at trial. *Children's Broad. Corp.*, 357 F.3d at 867.

### III. CONCLUSION

Pierce and Jones are both qualified to testify as experts regarding Broom Clarkson's legal fees. Their respective opinions are sufficiently grounded to assist the jury in understanding the evidence and deciding the issues in this case and will be subject to cross-examination to expose any deficiencies in the respective opinions and how they were reached. *See Daubert*, 509 U.S. at 589-92. As such,

IT IS ORDERED:
1. Plaintiff Broom, Clarkson, Lanphier & Yamamoto's Motion in Limine (Filing No. 136) is DENIED.
2. Defendant Edward Kountze's Motion in Limine (Filing No. 139) is DENIED.
3. This Order does not preclude the parties from making specific contemporaneous objections to the expert testimony presented at trial.

Dated this 13th day of January, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge